## CORNELIUS VAN KURAN *vs.* J. WILDER MAY.

If upon an application by a debtor, who has been arrested on execution, to take the oath for the relief of poor debtors, the magistrate issues a notice to the creditor by a wrong name, whereby the discharge of the debtor is invalidated, the surety in his recognizance, who has subsequently been compelled to pay the amount of the execution, cannot maintain an action against the magistrate to recover damages for the mistake.

THE declaration in this case contained two counts, one in contract and one in tort, setting out at great length that Jonas Bennett recovered a judgment against Isaac Van Kuran and

took out execution thereon, upon which Isaac was duly arrested, and entered into recognizance under Gen. Sts. *c.* 124, § 10, with the plaintiff as surety, with condition that he would within thirty days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default. and abide the final order of the magistrate thereon ; that Isaac subsequently applied to the defendant, who was a master in chancery, to take the oath for the relief of poor debtors, and the defendant thereupon made a notice for him to deliver to the creditor, which was duly served, and at the time and place appointed Isaac appeared and took the oath, the creditor not appearing ; and that by mistake the notice was made to James Bennett, instead of to Jonas Bennett, who subsequently sued the plaintiff upon the recognizance, and recovered judgment against him, the amount of which the plaintiff has been compelled to pay.

When the case came up in the superior court, *Russell,* J. ruled that no cause of action was set forth in the declaration ; whereupon the plaintiff became nonsuit, and alleged exceptions.

*J. F. Pickering,* for the plaintiff, cited *Chickering* v. *Robinson,* 3 Cush. 543, and cases cited; *Ashby* v. *White,* 2 Ld. Raym. 938; *Briggs* v. *Wardwell,* 10 Mass. 356 ; *Albee* v. *Ward,* 8 Mass. 79 ; *Jenner* v. *Joliffe,* 9 Johns. 381; *Creswell* v. *Hoghton,* 6 T. R. 360.

*C. W. Storey,* for the defendant.

BIGELOW, C. J. We know of no principle of law on which the present action can be maintained, either on the count in contract or on the count in tort. As an action of contract it cannot be supported, because, on the facts set out in the declaration, there was no such relation between the parties to this suit as to create any privity on which a contract, agreement or promise, either express or implied, can rest. The defendant was bound by no legal obligation to do any act on the request or in behalf of a surety in a recognizance of a person arrested on execution for debt. It is the debtor only who is authorized by statute to apply to a magistrate for a notice to the creditor of a desire to take the oath for the relief of poor debtors. The surety cannot in his own right, or acting for himself only, apply for such notice.

The magistrate could not legally issue it at his request only. Nor has the surety any right or power to compel the debtor to procure such notice or cause it to be given. The duty and the obligation subsist only between the debtor and the magistrate. The surety is in law a stranger to this relation, and cannot make it the foundation of an implication on the part of the magistrate to do any act at his request or in his behalf. The plaintiff, therefore, does not state in his declaration a case which can be brought within the broadest and most liberal signification of the word " contract," as used in the law; which is " an agreement, obligation or legal tie, whereby one party binds himself, or becomes bound expressly or impliedly to another, to do a certain act."

As an action of tort the suit must fail, because the damages which the plaintiff seeks to recover cannot be regarded as the direct, immediate or proximate result or effect of the negligence or wrong charged upon the defendant. It was not the fact that he negligently inserted an erroneous name in the notice to the creditor, that directly caused the miscarriage of the proceedings and the alleged loss and damage to the plaintiff. That was only a remote link in the chain of cause and effect. It was the act of the debtor, who received the erroneous notice from the defendant, in delivering it to the officer and causing it to be served on the creditor, which more immediately than the making of the notice itself operated to render the proceedings invalid. If he had not received the notice, which by the use of due care he might have seen was incorrect and insufficient, as not containing the true name of his creditor, or if he had not caused it to be served on the creditor, the erroneous ministerial act of the defendant would have been harmless. Certainly, on the most familiar principles, the debtor could not maintain an action for negligence to recover damages caused by the error into which the defendant fell. The decisive answer to such an action would be, that the plaintiff's own careless and negligent act contributed to produce the injury. *A fortiori*, it would seem that the surety for the debtor cannot maintain a suit for any injury which he may have suffered by the same error, because it was caused in part and more immediately by the negligent act of the debtor, to whom

alone the surety could in law look for the due and faithful performance of all acts necessary to discharge him from liability on his recognizance.

The real difficulty in maintaining this action in any form is, that the defendant owed no legal duty whatever to the plaintiff. Where there is no duty, there is no corresponding liability.

*Exceptions overruled.*